Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike - Suite 100
Floral Park, NY 11001
Tel: 201-873-7675
Attorney for Plaintiff, Brian K. Nolan,
on behalf of himself and all others similarly situated

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
--------------------------------------------------------X
Brian K. Nolan, on behalf of himself
and all others similarly situated,

                              Plaintiffs,                      **CLASS ACTION**
                                                                          **COMPLAINT**

     v.

Cavalry Portfolio Services, LLC

               Defendants.
--------------------------------------------------------X

Plaintiff, by and through his counsel, Ryan Gentile, Esq., as and for his complaint against the Defendant, on behalf of himself and pursuant to Rule 23 of the Federal Rules of Civil Procedure all others similarly situated, alleges as follows:

**INTRODUCTION**

1. Plaintiff, on his own behalf and on behalf of the class he seeks to represent, brings this action to secure redress for the debt collection practices utilized by Cavalry Portfolio Services, LLC ("Cavalry" or "Defendant") in connection with their attempts to collect alleged debts from the Plaintiff and others.

2. Plaintiff alleges that the Defendant's collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA")

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

4. The FDCPA is generally characterized as a "strict liability" statute because "it imposes liability without proof of an intentional violation." Glover v. FDIC, 698 F.3d 139 (3d. Cir. 2012) (citing Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 & n. 7 (3d Cir. 2011).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FDCPA claim pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Venue and personal jurisdiction in this District are proper because:
    a. The acts giving rise to this lawsuit occurred within this District; and
    b. Defendant does business within this District.

## PARTIES

7. Plaintiff, Brian K. Nolan is an individual natural person who at all relevant times resided in the City of North Bergen, County of Hudson, State of New Jersey.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. Defendant, Cavalry, is a limited liability company with its principal place of business located at 500 Summit Lake Drive – Suite 400, Valhalla, NY 10595.

10. The principal purpose of Cavalry is the collection of debts using the mail and telephone.

11. Cavalry regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. Cavalry identifies itself as a debt collector in their collection letters.

13. Cavalry is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## **FACTS**

14. Sometime prior to September 1, 2018, Plaintiff allegedly incurred a debt to Citibank, N.A. ("Citibank") related to a personal credit card with an account number ending in 7759 (the "Debt").

15. The Debt arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, namely fees emanating from a personal credit card account in Plaintiff's name that was issued by Citibank.

16. The Debt arose out of a credit card account which Plaintiff opened for his personal use.

17. Plaintiff's credit card account that was issued by Citibank was neither opened nor used by Plaintiff for business purposes.

18. Plaintiff's personal credit card account Debt to Citibank is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments owed on the alleged Debt.

20. The Debt went into default because of non-payment.

21. After the Debt went into default, the Debt was allegedly sold by Citibank to Cavalry SPV I, LLC.

22. At a time known only to Defendant, Plaintiff's Debt was referred to Cavalry for collection by its owner.

23. Cavalry contends that the Debt is in default.

24. The Debt was in default at the time the Debt was referred to Cavalry for collection.

25. The Debt was past-due at the time the Debt was referred to Cavalry for collection.

26. At all times relevant hereto, Defendant acted in an attempt to collect the Debt.

27. On or about October 20, 2018, Cavalry mailed or caused to be mailed a letter to Plaintiff (the "Letter"). (Annexed and attached hereto as Exhibit A is a copy of the letter dated October 20, 2018 that Cavalry mailed to the Plaintiff, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address to protect his privacy)

28. Cavalry mailed the Letter dated October 20, 2018 attached as Exhibit A as a part of their efforts to collect the Debt.

29. Plaintiff received the Letter in the mail.

30. Plaintiff read the Letter upon receipt of the letter in the mail.

31. Exhibit A was sent in connection with the collection of the Debt.

32. Exhibit A seeks to collect the Debt.

33. Exhibit A conveyed information regarding the Debt including the Balance Due, Cavalry Account number and a demand for payment.

34. The Letter attached as Exhibit A is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

35. The Letter attached as Exhibit A is the first written communication Plaintiff received from Cavalry regarding the Debt.

36. The Letter attached as Exhibit A is the first written communication that Cavalry sent to Plaintiff regarding the Debt.

37. Exhibit A represents Cavalry's initial collection "communication" with Plaintiff as "communication" is defined by 15 U.S.C. § 1692a(2).

38. The letter attached as Exhibit A states in relevant part:

> "Unless you notify Cavalry within thirty days after receiving this letter that you dispute the validity of this debt or any portion thereof, Cavalry will assume this debt is valid."
>
> (see Exhibit A)

39. On the back of the Letter, at the very bottom, the Letter states:

> For account questions, requests, disputes, inquiries, comments, or general customer service, you may contact us at (866) 434-2995.
>
> (see Exhibit A)

40. Cavalry's collection practice is a high-volume practice.

41. Cavalry's debt collection practice is largely automated and utilizes standardized form letters.

42. Documents in the form represented by Exhibit A are regularly sent by Cavalry to collect consumer debts.

43. Exhibit A is a standardized form letter.

44. Exhibit A is a computer-generated form letter.

45. Cavalry mailed or caused to be mailed letters in the form of Exhibit A over the course of the past year to hundreds of New Jersey consumers from whom Cavalry attempted to collect a consumer debt that went into default and was later allegedly purchased by Cavalry SPV I, LLC.

## CLAIMS FOR RELIEF

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(15 U.S.C. §1692g)

46. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

47. The conduct of the Defendant in this case violates 15 U.S.C. §§ 1692, 1692g, 1692g(a)(3), and 1692g(b).

48. The FDCPA at § 1692g(a)(3) states in relevant part:

    Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

49. The FDCPA at § 1692g(b) states in relevant part:

    … Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

50. Collection letters and/or notices, such as <u>Exhibit A</u> sent by Defendant to Plaintiff, are to be evaluated by the objective standard of the "least sophisticated consumer."

51. It is well settled in the Third Circuit that a dispute of a debt, to be effective, <u>must be in writing</u>. *See* <u>Graziano v. Harrison</u>, 950 F.2d 107, 112 (3d Cir. 1991).

52. In <u>Caprio v. Healthcare Revenue Recovery Group, LLC</u> 709 F.3d 142 (3d Cir. 2013), the Third Circuit Court of Appeals held that a collection letter which notified a consumer "…if you feel you do not owe this amount, please call us toll free at 800-984-9115 or

write us at the above address" violated § 1692g of the FDCPA by overshadowing the validation notice in the same letter. The Caprio Court found the above quoted statement overshadowed the validation notice because it could reasonably be read by a least sophisticated consumer to mean that they could effectively dispute their debt by calling the debt collector at the number provided. This was untrue, because as noted above, in the Third Circuit, a dispute of a debt, to be effective, must be in writing. In essence, the Third Circuit held in <u>Caprio</u> that if a debt collection letter can be read by a least sophisticated consumer to mean that they can dispute their debt by calling the debt collector at a given phone number, then that letter violates the FDCPA.

53. Defendant violated § 1692g(a)(3) and § 1692g(b) because the Letter attached as <u>Exhibit A</u> (like the letter at issue in <u>Caprio</u>) can reasonably be read by a least sophisticated consumer to mean that they could dispute their debt by calling Cavalry at (866) 434-2995. <u>Exhibit A</u> can reasonably be read by a least sophisticated consumer to mean that they could dispute their alleged debt by calling Cavalry because the Letter *<u>specifically tells the consumer that they may dispute their debt by calling Cavalry at (866) 434-2995</u>* by stating on the back of the Letter:

    **For account** questions, requests, **disputes**, inquiries, comments, or general customer service, **you may contact us at (866) 434-2995**.

    (see Exhibit A) (Emphasis Added)

54. Exactly like the letter at issue in <u>Caprio</u>, Defendant's Letter attached as <u>Exhibit A</u> gave Plaintiff the option to dispute the Debt by calling Cavalry at (866) 434-2995, and therefore it violates the FDCPA for the same reasons as the letter at issue in <u>Caprio</u>.

55. A least sophisticated consumer upon reading the instructions in the October 20, 2018 Letter attached as <u>Exhibit A</u> would be misled into believing that if they wished to

7

effectively dispute their alleged debt or any portion thereof, they may call Cavalry at (866) 434-2995. This belief would be untrue because only a written dispute would be legally effective.

56. The Letter attached as <u>Exhibit A</u> by stating, "**For account** questions, requests, **disputes**, inquiries, comments, or general customer service, **you may contact us at (866) 434-2995**" (Emphasis Added) violated § 1692g(b) because it overshadowed the validation notice in the same letter by providing an alternative option to Plaintiff to dispute the Debt verbally by telephone. As such, <u>Exhibit A</u> violates § 1692g(b) for the same reasons the letter at issue in <u>Caprio</u> was found by the Third Circuit to violate § 1692g(b).

57. Defendant is liable to the Plaintiff and the proposed class pursuant to 15 U.S.C. §1692k because of the above FDCPA violations.

## **CLAIMS FOR RELIEF**

## **COUNT II**

### **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
### **(15 U.S.C. §1692e)**

58. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

59. The conduct of the Defendant in this case violates 15 U.S.C. §§1692 and 1692e(10).

60. The FDCPA at § 1692e provides:

> **§1692e.   False or Misleading Representations**
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer

61. Defendant's Letter attached as <u>Exhibit A</u> hereto is misleading and/or deceptive to the "least sophisticated consumer", and therefore violates 15 U.S.C. § 1692e(10). <u>Exhibit A</u> is misleading and/or deceptive and thus violates § 1692e(10) because Defendant's instructions and statements in the Letter could be read to have two or more meanings, where at least one or more meanings are inaccurate *i.e.*, that Plaintiff could dispute the Debt by making a telephone call to the number (866) 434-2995 that Cavalry provided in the Letter attached as <u>Exhibit A</u> for account disputes.

62. As stated above, the statement in the Letter that Plaintiff may call Cavalry at (866) 434-2995 to dispute the Debt is false, misleading and deceptive because as <u>Caprio</u> explained, only a <u>written</u> dispute is legally effective.

63. Defendant's letter attached as <u>Exhibit A</u> violates § 1692e(10) for the same reasons that that the Third Circuit found the letter at issue in <u>Caprio</u> did.

64. Plaintiff has alleged a particularized injury because the letter attached as <u>Exhibit A</u> was were mailed and directed to him.

65. Plaintiff has alleged a concrete harm because the FDCPA creates a substantive right to be free from abusive debt communications and Defendant's violations of the FDCPA resulted in concrete harm to Plaintiff.

66. Defendant is liable to the Plaintiff and the proposed class pursuant to 15 U.S.C. § 1692k because of the above FDCPA violations.

## CLASS ALLEGATIONS

67. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

68. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

69. The Class is initially defined as (a) all consumers (b) with a New Jersey address (c) to whom Cavalry sent an initial collection letter seeking to collect a debt allegedly owed to Cavalry SPV I, LLC (d) which letter is materially identical or substantially similar to letter attached as <u>Exhibit A</u> to the Complaint (e) which was not returned as undeliverable (f) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action (g) where the letter stated in relevant part, "For account questions, requests, disputes, inquiries, comments, or general customer service, you may contact us at (866) 434-2995."

70. The class definition above may be subsequently modified or refined.

71. The proposed class specifically excludes the United States of America, the states of the Third Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Third Circuit and the United States Supreme Court.

72. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

>  i. **Numerosity**: The Plaintiff is informed and believes and on that basis alleges, that the class defined above is so numerous that joinder of all members would be impracticable. Upon information and belief, based on the fact that the Complaint involves a form collection letter, there are at least 40 members of the class. The exact number of class members is

unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by the Defendant.

ii. **Common Questions Predominate**: There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of the Defendant's identical conduct particular to the matter at issue; (b) Defendant's violations of the FDCPA, specifically 15 U.S.C. §1692e and 15 U.S.C. §1692g; (c) The availability of statutory penalties; and (d) Attorneys' fees and costs.

iii. **Typicality**: The claims of the Plaintiff are typical of those of the class they seek to represent. The claims of the Plaintiff and of each class member originate from the same conduct, practice, and procedure, on the part of the Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

iv. **Adequacy**: Plaintiff will fairly and adequately protect the interests of each class and has no interest adverse to or which directly and irrevocably

conflicts with the interests of other members of each class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither the Plaintiff nor their counsel have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

v. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Furthermore, a class action is superior for the fair and efficient adjudication of this matter because individual actions are not economically feasible, members of the class are likely to be unaware of their rights or that they were violated, and Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

1. An order certifying that Counts I & II may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class previously set forth and defined above.

2. Adjudging that Defendant violated 15 U.S.C. §§ 1692e, 1692e(10); 1692g, 1692g(a)(3), and 1692g(b).

3. An award of statutory damages for Brian K. Nolan and the class members pursuant to 15 U.S.C. §1692k;

4. Attorneys' fees, litigation expenses and costs of suit pursuant to 15 U.S.C. §1692k; and

5. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
April 17, 2019

/s/ Ryan Gentile
By:_____
Ryan Gentile, Esq.
*Attorney for Plaintiff*
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
Tel: (201) 873-7675
Fax: (516) 305-5566
rlg@lawgmf.com

### NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

The Law Offices of Gus Michael Farinella, PC

/s/ Ryan Gentile
By:_____
Ryan Gentile